## MRS. ED NANCE v. STATE.

No. A-7466.   Opinion Filed Jan. 10, 1931.
(294 Pac. 1095.)

Sid White and Leo J. Canavan, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Beckham county of the unlawful sale of intoxicating liquor, and her punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for a period of 30 days.

The charging part of the information reads as follows:

"That one Mr. Ed Nance late of the county aforesaid, on or about the 8th day of March 1929, in the county of Beckham and state of Oklahoma, did then and there unlawfully, knowingly, willfully and unlawfully sell one-half gallon of spirituous, vinous, fermented malt and intoxicating liquors, to wit: one-half gallon of corn whisky to one Clarence Summers, contrary to the form of the statutes in such cases," etc.

The defendant raises but one question, and that is the sufficiency of the evidence.

Clarence Summers, testifying for the state, swore that he bought one-half gallon of corn whisky from the

defendant and paid her $3 for the same. This witness was corroborated by one Wilbert New, who testified to the same state of facts. The state, after identifying the whisky, offered the same in evidence, after the witness Summers had testified that that was the whisky he purchased from the defendant.

The defendant argues that there is a fatal variance between the charge as to whisky and the proof offered by the state, which claim is based on the following question and answer propounded to the witness Summers on cross-examination:

"Q. What kind of whisky is this you bought? A. I am not able to say, it is whisky."

Defendant argues that the state wholly failed to prove that the purchase was whisky because of this answer. There is no merit in this contention, as shown both by the direct testimony of the witness, who swore positively that he bought whisky from the defendant, and in the answer set out by defendant's counsel, where he in effect swears to the same thing.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.